JEPTHA SHOUSE, Defendant in Error, *v.* MUMFORD BAILEY *et al.*, Plaintiffs in Error.

*Execution—Practice.*—An execution was issued and levied upon real estate, but the property was not sold at the return term of the writ. At the second term after the return term, the real estate was sold by the officer and purchased by a junior judgment creditor. After the sale, the plaintiff moved the court to set aside the sale and return the money paid to the purchaser, which motion was sustained. *Held,* that the court erred in so doing.

*Error to Kansas City Common Pleas Court.*

*Hovey*, for plaintiffs in error.

I. That Shouse was bound to take notice of the regular advertisement made by the marshal under said execution. That if he did not wish a sale, it was his duty to so order the marshal not to sell. He cannot thus take advantage of his own *laches*, especially as against a junior judgment creditor.

II. That the levy being made before the return day, the sale was legal and regular at the time of the sale. (R. C. 1855, p. 748, § 54; 12 Mo. 363-4; 2 Tucker's Com. 370.)

*Welch*, for defendant in error.

I. The execution issued against Bailey was made returnable to the November term, 1861, but no sale took place under the same till the November term, 1862, which was the third term, and after the execution, by its own terms, had ceased to have any force. The court, therefore, did not err in sustaining the motion to set aside the sale made under such execution.

II. The execution having become *functus officio*, and the sale being void, either party had the right to have the sale set aside.

III. There should have been a *venditioni exponus* to have made such sale valid.

BATES, Judge, delivered the opinion of the court.

On the 22d day of May, 1861, an execution on a judgment in favor of the plaintiff Shouse, and against the defendant Bailey, was issued by the clerk of the Kansas City Court of Common Pleas to the marshal of that court. The execution was returnable to the November term, 1861. The marshal, on the 23d day of May, 1861, levied the execution upon real estate. The record does not show why the sale was not made at the November term, 1861. (We suppose,

Shouse v. Bailey et al.

that from the disturbed condition of the country, that term of the court was not held, but the record does not show such to be the fact.)   At the May term, 1862, the marshal advertised the land for sale, but did not sell because the court adjourned so that he could not sell during the session of the court.   At the November term, 1862, the marshal again advertised, and sold the land on the 25th day of November, 1862, and at that sale, Simms, who was a junior judgment creditor of Bailey, bought the land.   On the next day, November 26, 1862, the plaintiff Shouse moved the court to set aside the sale and " return the purchase money to the purchaser."   The grounds upon which the motion was made, were that he, Shouse, had not instructed the marshal to sell; " that no order of court had been made authorizing said sale ; that said execution having become *functus officio*, the same did not authorize said sale by said marshal, and said sale is therefore void and of no effect ; and that, under said sale, said property did not bring one-tenth of its value."

The court sustained the motion and set aside the sale. The court erred in so doing.   If the sale was, as alleged, void and of no effect, the order setting it aside was a mere absurdity, and itself ineffective to benefit the plaintiff in any way, who could not be injured by a void sale ; while the order might injure the defendant in the execution, who was thereby deprived of a credit for the amount paid by the purchaser.   On the other hand, if the sale was valid, the purchaser had, by it, acquired rights which could not be divested in that summary way, because of any of the matter stated in the plaintiff's motion ; therefore, without giving any opinion as to the effect of the sale, the judgment will be reversed and the cause remanded to the lower court, where the motion to set aside the sale will be overruled.   Judges Bay and Dryden concur.